IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY D. LAMAR, ADC # 120479                                          PLAINTIFF

v.                                    Case No. 6:24-cv-6033

DEXTER PAYNE; JOE PROFIRI; DONNA
DYCUS; JARED BYERS; HERBERT
STRAUGHN; TASHA GRIFFIN; ROBERT
PARKER; THOMAS ROWLAND; and
EVERETT LITZEY                                                         DEFENDANTS

## ORDER

Before the Court is a Report and Recommendation ("R&R") issued by the Honorable

Christy D. Comstock, United States Magistrate Judge for the Western District of Arkansas.  ECF

No. 56.  Defendants filed a timely objection.  ECF No. 59.  The Court finds the matter ripe for

consideration.

## I. BACKGROUND[1]

In April 2001, an Arkansas jury convicted Plaintiff Anthony D. Lamar of sodomy rape and

sentenced him to 30 years in prison.  In January 2023, Plaintiff was participating in the Reduction

of Sexual Violence Victimization Program ("RSVP") offered by the Arkansas Department of

Corrections ("ADC").  Also in January 2023, the Arkansas Parole Board approved Plaintiff for

parole, with his release conditioned upon completion of the RSVP.

On February 2023, Inmate Horton, who was participating in RSVP at the same time as

Plaintiff, accused Plaintiff of raping him in his cell.  ADC personnel subsequently referred the

accusation to the Arkansas State Police and eventually transferred Plaintiff from the Ouachita

River Unit ("ORU"), which is the only ADC facility at which the RSVP is available, to the Varner

---

[1] The abbreviated factual background is taken from Plaintiffs' Second Amended Complaint.  ECF No.

Unit.  Plaintiff alleges that Inmate Horton has a documented history of both serious mental illness and making false rape accusations against other inmates.  Plaintiff also alleges that the investigation into the accusation against him ultimately cleared him of any wrongdoing.  To date, ADC personnel have not moved Plaintiff back to the ORU so that he could finish the RSVP.  Plaintiff asserts that Inmate Horton was permitted to return to the RSVP despite the false rape accusation.  Plaintiff further alleges that all inquiries to ADC personnel regarding a transfer back to ORU and re-entry into the RSVP have either been ignored or denied.  Plaintiff asserts that his presence in the RSVP is mandatory under parole statues or regulations.  Plaintiff states that without removal from the RSVP, he would have been paroled in June 2023.

On March 18, 2024, Plaintiff filed his initial Complaint in the Eastern District of Arkansas, bringing an action pursuant to 42 U.S.C. § 1983.  ECF No. 2.  The case was transferred to this Court the next day.  ECF No. 5.  Plaintiff subsequently submitted an Amended Complaint (ECF No. 10) and a Second Amended Complaint (ECF No. 28) ("SAC"), which is the operative Complaint in this matter.  Though Plaintiff attempts to enumerate three distinct and sequential claims, Judge Comstock,[2] Defendants, and the Court have deciphered three coherent claims out of the entirety of the allegations.  ECF No. 28, p. 5-13.  The first claim alleges that Defendants violated his right to due process by removing him from the RSVP without being given notice as to why and given a chance to appeal or contest the removal.  The second claim alleges that Defendants violated his right to due process by failing to adhere to ADC policies on conducting a Prison Rape Elimination Act ("PREA") investigation regarding Inmate Horton's accusation.  The third claim alleges that Defendants violated his right to equal protection by not permitting him to return to the

---

[2] The R&R opines that Plaintiff has also sufficiently raised a First Amendment retaliation claim between the SAC and his response in opposition to Defendants' Motion to Dismiss.  ECF N. 56, p. 15-16.  The Court does not interpret the SAC as bringing this claim and will not consider it in the instant Order.

RSVP while allowing other inmates to participate.[3]  All claims are against Defendants in their individual capacity.

On October 24, 2024, Defendants filed a Motion to Dismiss, arguing that Plaintiff failed to state a claim and that qualified immunity would bar Plaintiff's claims even if he sufficiently alleged them.  ECF Nos. 30 & 31.  Plaintiff responded in opposition.  ECF No. 39.  On May 12, 2025, Judge Comstock issued the instant R&R, recommending that Defendants' Motion to Dismiss be denied.  ECF No. 56.  On June 3, 2025, Defendants filed a timely objection to Judge Comstock's recommendation regarding whether Plaintiff sufficiently pled his claims.  The Court finds that this objection is sufficiently specific to require a de novo review of this aspect of Judge Comstock's R&R.[4]  *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (noting that an objection which sufficiently directs a district court to alleged errors in an R&R requires a de novo review of those alleged errors).

## II. LEGAL STANDARD

A party may move to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, so the Court's inquiry is limited to whether the challenged pleading sets forth sufficient allegations to make out the elements of a right to relief.  *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981).  A pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement gives "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The

---

[3] The factual allegations underlying the first due process claim and the equal protection claim are accumulated from Plaintiff's enumerated Claim #1 and Claim #2.  ECF No. 28, p. 5-10.

[4] The Court notes that Defendants did not make qualified immunity arguments in their objection.  Thus, the Court will only conduct a de novo review of Defendant's arguments regarding Plaintiff's failure to state a claim.

factual allegations of a complaint are assumed true and all reasonable inferences are drawn in the plaintiff's favor, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Id*. at 555-56.  The Court, however, need not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id*. (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 557).  In other words, "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Twombly*, 550 U.S. at 555).  In considering a motion to dismiss under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III. DISCUSSION

**A. Due Process Claims**

In his first due process claim, Plaintiff alleges that Defendants Dycus, Straughn, Griffin, Byers, Parker, and Litzey, who are all ADC personnel, violated his right to due process by improperly removing him from the RSVP and by failing to allow him to challenge his removal or to re-enter the program.  ECF No. 28, p. 5-10.  Plaintiffs' second due process claim alleges that

Defendants Dycus, Straughn, Griffin, Byers, Parker, Rowland, Profiri, and Payne failed to adhere to the ADC's PREA investigation policies when investigating Inmate Horton's accusations against him. *Id*. at p. 11-13.  Defendants argue that the first claim fails because there is no protected liberty interest in participating in RSVP.  ECF No. 31, p. 4-5.  Defendants emphasize that it is well established that there is no protected interest in prison programs, reductions in sentences, or the possibility of parole.  As to the second claim, Defendants argue that there is no protected interest in having correctional facilities follow their own policies and guidelines.  *Id*. at p. 6.  Judge Comstock recommends that the first claim proceed because Plaintiff has alleged that Arkansas parole statutes and policies required ADC personnel to place him back into the RSVP upon being cleared of the rape allegations, which potentially created a protected interest under State law.  ECF No. 56, p. 12-14.  Judge Comstock does not make any clear recommendation as to the second due process claim.  In objection, Defendants again argue that there is no recognized liberty interest in either parole or prison programs and that Plaintiff failed to cite any binding policies requiring his placement in the RSVP.  ECF No. 59, p. 1-3.

The Fourteenth Amendment states in part that "nor shall any State deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend XIV, § 1.  A court should examine procedural due process questions "in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, . . . the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient[.]"  *Ky. Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (internal citations omitted).  Protected interests arise from either "the Due Process Clause itself [or] the laws of the States."  *Id*. (quotation omitted).  A State may create a protected interest for an inmate "by placing substantive limitations on official discretion."  *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983).  Though there is no liberty

interest in the possibility of parole, a State's statutes or regulations may eliminate discretion amongst officials and "create an 'expectation of parole' protected by the Due Process Clause." *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987) (quotation omitted).  A State may create a protected interest through its statutes, administrative codes, and official policies intended to "guide the exercise of discretion." *Green v. Black*, 755 F.2d 687, 688 (8th Cir. 1985) (citations omitted).

The Court finds that Plaintiff has sufficiently stated his first due process claim regarding participation in the RSVP and ultimate release on parole.  Plaintiff alleges that the parole board had already approved his release, which would occur upon completion of the RSVP.  Plaintiff then alleges that statues and regulations required that he be placed in the RSVP.  Plaintiff further alleges that officials removed him from the RSVP without formal notice or any meaningful opportunity to challenge his removal and that they have refused to return him to the program despite the accusations against him being disproven.  Plaintiff asserts that he has been damaged by this because he was guaranteed parole upon completion of RSVP in the middle of 2023 and yet he remains confined because of ADC officials' refusal to return him to the program.  The Court is satisfied that Plaintiff has alleged that he has a protected interest in participation in the RSVP and the corresponding release on parole and that he was not provided with adequate procedures prior to being deprived of that interest. *See Thompson*, 490 U.S. at 460.

However, Plaintiff's second claim alleging a due process violation through failure to properly conduct the PREA investigation fails.  Prison regulations and policies, standing alone, do not create a protected interest in having officials follow those regulations. *See Phillips v. Norris*, 320 F.2d 844, 847 (8th Cir. 2003).  The conditions an inmate is exposed to, not the failure to adhere to any procedural requirement prior to that exposure, is the proper focus of any liberty interest

analysis.  *See id*.  Therefore, Plaintiff had no protected interest in having Defendants adhere to policies governing PREA investigations.  Accordingly, this claim must be dismissed.

### B. Equal Protection Claim

Plaintiff alleges that Defendants Dycus, Straughn, Griffin, Byers, Parker, and Litzey violated his right to equal protection by refusing to place him back into the RSVP while permitting other inmates to enter the program, which included inmates mandated to complete the RSVP by the parole board and inmates who were not so mandated.  ECF No. 28, p. 5-10.  Defendants argue that the claim fails because Plaintiff has not alleged that he was treated differently than similarly situated inmates.  ECF No. 31, p. 6-7.  Judge Comstock recommends that this claim proceed because Plaintiff alleged that other sex offender inmates in his position were placed into the RSVP while officials have consistently refused to permit him to re-enter the program.  ECF No. 56, p. 14-15.  In objection, Defendants argue that Plaintiff has failed to allege that any other inmate who was accused of raping another inmate while in the RSVP was permitted to stay in the program or return to the program.  ECF No. 59, p. 3-4.

The Fourteenth Amendment holds that a State shall not "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend XIV, § 1.  "The Fourteenth Amendment requires that the government 'treat similarly situated people alike,' a protection that applies to prison inmates."  *Murphy v. Mo. Dept. of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004) (quotation omitted).  "To succeed on an equal protection claim, [a plaintiff] must show that he is treated differently than a similarly situated class of inmates, that the different treatment burdens one of his fundamental rights, and that the different treatment bears no rational relation to any legitimate penal interest."  *Id*.  "Dissimilar treatment of dissimilarly situated persons does not violate equal protection."  *Klinger v. Dept. of Corr.*, 31 F.3d 727, 731 (8th Cir. 1994).  "Absent a

threshold showing that [a plaintiff] is similarly situated to those who allegedly received favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.* Rights are fundamental for equal-protection purposes if they are guaranteed by the U.S. Constitution; rights created by State law are not considered fundamental. *See Eggers v. Evnen*, 48 F.4th 561, 565 (8th Cir. 2022) (citations omitted).

The Court finds that Plaintiff has failed to state his equal protection claim. Liberally reading Plaintiff's SAC, he has sufficiently alleged that he was similarly situated to other sex offender inmates whose presence in the RSVP was mandatory and that he was treated differently through officials' refusal to place him back into the program. However, Plaintiff has failed to alleged that the differing treatment burdened one of his fundamental rights. As the Court noted regarding Plaintiff's first due process claim, the protected interest in the RSVP and release on parole was allegedly created under State law. Such State created rights are not fundamental for equal protection purposes. *See Eggers*, 48 F.4th at 565. Without alleging that the differing treatment between him and other sex offender inmates burdened a fundamental right, Plaintiff has failed to state a plausible equal protection claim. *See Murphy*, 372 F.3d at 984.

## IV. CONCLUSION

For the reasons stated above, the Court hereby adopts Judge Comstock's R&R (ECF No. 56) in part. Accordingly, Defendants' Motion to Dismiss (ECF No. 30) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's due process claim regarding his removal from the RSVP may proceed. All other claims are **DISMISSED WITHOUT PREJUDICE**. Defendants Profiri, Rowland, and Payne are terminated from this action.

**IT IS SO ORDERED**, this 30th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge